Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| ARELIZ TINEO QUILES<br><br>Recurrente<br><br>v.<br><br>MOHAMMED AL SURADI<br><br>Recurrido | KLRA202400416 | Revisión administrativa procedente de la Administración para el Sustento de Menores<br><br>Caso Núm.: 0595859<br><br>Sobre: Alimentos |
| --- | --- | --- |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores.

Sánchez Ramos, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 19 de agosto de 2024.

Por derecho propio, a través del recurso de referencia, presentado el 30 de julio de 2024, la Sa. Areliz Tineo (la "Recurrente"), nos solicita que tomemos "las medidas necesarias para garantizar que ninguna agencia cierre el caso en contra de [su] voluntad y sin [su] consentimiento". Sostiene que tiene un hijo actualmente "estudiando en Mayagüez", y nos solicita que ordenemos "al *Child Support de Saint Thomas* y al *Superior Court de Saint Thomas* coordinarse para resolver este conflicto jurisdiccional". No obstante, como se explica a continuación, al no acreditarse que este Tribunal tenga jurisdicción sobre asunto alguno de su competencia, y al incumplirse con otros de los requisitos reglamentarios aplicables, se desestima el recurso[1].

La Recurrente asevera que el "*Child Support de Saint Thomas* indica que la jurisdicción le corresponde al *Superior Court de Saint Thomas*, mientras que el *Superior Court de Saint Thomas* sostiene

---

[1] Por tanto, se deniega la *Moción Informativa y Auxiliar de Jurisdicción*, presentada por la Recurrente el 2 de agosto de 2024, así como el escrito con igual nombre presentado por la Recurrente el 5 de agosto de 2024.

Número Identificador
SEN2024_____

que corresponde al *Child Support*."  Plantea que "el *Child Support de Saint Thomas* ha informado que no puede reabrir el caso en su sistema ya que el individuo involucrado cumplió más de 18 años y el caso fue cerrado en contra de [su] voluntad".

La Recurrente indica que "abri[ó] un caso en el ASUME de Puerto Rico desde el año 2020".  Asevera que "la honorable jueza [de] ASUME de Carolina indicó que necesitaba cinco días para determinar y, hasta la fecha, no ha emitido una determinación"; además, en una moción posterior, informa que, el 5 de agosto, le "indicaron personalmente [en] ASUME que aún el caso está abierto en Puerto Rico".

La Recurrente alega que el "padre no custodio actualmente reside en Carolina del Norte y se encuentra de vacaciones en Amman, Jordania".  También alega que este "solo tiene negocio en Saint Thomas".

Junto con su recurso, la Recurrente anejó un número de documentos emitidos por las autoridades de las Islas Vírgenes, así como otros documentos cuya pertinencia no se explica.

En cuanto a la Administración para el Sustento de Menores ("ASUME"), se anejó una *Determinación sobre Objeción a la Notificación de Intención de Cierre* (la "Determinación"), cuya fecha de notificación no consta, pero la cual está ponchada por alguien como "recibida" en marzo de 2024.  En la Determinación, ASUME indica que "la solución está bajo la consideración de la corte de St. Thomas.  Al momento no hay orden para registro y cobro a través de ASUME".

La jurisdicción es la autoridad que tiene el tribunal para atender en los méritos una controversia. *Maldonado v. Junta de Planificación*, 171 DPR 46, 55 (2007).  La jurisdicción no se presume y los tribunales no tienen discreción para asumirla donde no la hay. *Íd.*  Los tribunales debemos ser celosos guardianes de nuestra

jurisdicción. *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007). Los asuntos jurisdiccionales son privilegiados y deben resolverse con preferencia a cualquier otro asunto planteado. *Carattini v. Collazo Systems Analysis, Inc.*, 158 DPR 345, 355 (2003).

La Ley Núm. 201-2003, 4 LPRA sec. 24, *et seq.* ("Ley 201"), establece que el Tribunal de Apelaciones será un tribunal intermedio y estará a cargo de revisar, "como cuestión de derecho, las sentencias finales del Tribunal de Primera Instancia, así como las decisiones finales de los organismos y agencias administrativas y de forma discrecional cualquier otra resolución u orden dictada por el Tribunal de Primera Instancia". Art. 4.002 de la Ley 201, 4 LPRA sec. 24(u).

En cuanto a la competencia del Tribunal de Apelaciones, el Art. 4.006 de la Ley 201 (4 LPRA sec. 24y) dispone lo siguiente:

El Tribunal de Apelaciones conocerá de los siguientes asuntos:

(a) Mediante recurso de apelación de toda sentencia final dictada por el Tribunal de Primera Instancia.

(b) Mediante auto de *certiorari* expedido a su discreción, de cualquier resolución u orden dictada por el Tribunal de Primera Instancia.

(c) Mediante recurso de revisión judicial, que se acogerá como cuestión de derecho, de las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas. En estos casos, la mera presentación del recurso no paralizará el trámite en el organismo o agencia administrativa ni será obligatoria la comparecencia del Estado Libre Asociado ante el foro apelativo a menos que así lo determine el tribunal. El procedimiento a seguir será de acuerdo con lo establecido por la Ley Núm. 170 de 12 de agosto de 1988, según enmendada, conocida como la "Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico".

(d) Cualquier panel del Tribunal de Apelaciones podrá expedir autos de *hábeas corpus* y de *mandamus*. Asimismo, cada uno de los jueces de dicho Tribunal podrá conocer en primera instancia de los recursos de *hábeas corpus* y *mandamus*, pero su resolución en tales casos estará sujeta a revisión por el Tribunal de Apelaciones, en cuyo caso, siempre que ello fuera solicitado por parte interesada dentro de los diez (10) días después que le fuera notificada, el Juez Presidente

del Tribunal Supremo nombrará un panel especial no menor de tres (3) jueces ni mayor de cinco (5) jueces que revisará la resolución del Juez en cualesquiera de tales casos y dictará la sentencia que a su juicio proceda.

(e) Cualquier otro asunto determinado por ley especial.

Por su parte, nuestra jurisdicción para atender un recurso de revisión judicial se limita, como norma general, a la revisión de una "orden o resolución final de una agencia", luego de que se hayan "agotado todos los remedios provistos por la agencia".  3 LPRA 9672.  Asimismo, la Ley de la Judicatura (Ley 201), dispone en su Artículo 4.006 (c) que este Tribunal revisará mediante el recurso de revisión judicial las decisiones, órdenes y resoluciones <u>finales</u> de organismos o agencias administrativas. 4 LPRA sec. 24y.   Esta orden o resolución final debe "incluir y exponer separadamente determinaciones de hecho … [y] conclusiones de derecho …".  3 LPRA 9654; *Comisionado Seguros v. Universal*, 167 DPR 21 (2006); véase, además, *Bennett v. Spear*, 520 US 154 (1997).

Así pues, la disposición **final** de la decisión de la agencia es requisito básico y jurisdiccional para que este foro pueda ejercer su función revisora.  Para que una orden o resolución se considere final, la misma debe ser emitida por la última autoridad decisoria de la agencia administrativa y debe poner fin a la controversia ante el organismo, sin dejar asunto pendiente alguno. *Bird Const. Corp. v. A.E.E.,* 152 DPR 928, 935-936 (2000); *J. Exam. Tec. Méd. v. Elías, et al.,* 144 DPR 483 (1997).

La parte que acude ante nosotros tiene la obligación de colocarnos en posición de poder evaluar su solicitud.  Véase, por ejemplo, *Morán v. Martí,* 165 DPR 356, 366-367 (2005); *Soto Pino v. Uno Radio Group,* 189 DPR 84, 90-91 (2013).  El "hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica que incumplan con las reglas procesales". *Febles v. Romar,* 159 DPR 714, 722 (2003).

En este caso, la Recurrente venía obligada al fiel cumplimiento del trámite prescrito aplicable al recurso instado ante nosotros. *Soto Pino, supra.* Sin embargo, el escrito presentado ante nosotros por la Recurrente incumple de forma sustancial con los requisitos reglamentarios potencialmente aplicables. Véase, por ejemplo, 4 LPRA Ap. XXII-B, R. 57-59.

En efecto, la Recurrente incumplió con su obligación de acreditar que este Tribunal tenga jurisdicción para entender sobre su solicitud. No acredita que ASUME haya emitido una decisión revisable por nosotros sobre el asunto que plantea. De hecho, lo que la Recurrente asevera es que, en ASUME, le han indicado que "el caso está abierto". Por su parte, en cuanto a la Determinación, no se acreditó la fecha en que la misma se habría notificado, aunque el ponche que aparece en la copia de nuestro expediente sugiere que ello ocurrió a más tardar en **marzo de 2024**. Es decir, aun de entenderse que la Determinación constituyó una decisión revisable, no se indica ni alega que esta se haya notificado en una fecha que nos permitiría asumir jurisdicción. Adviértase que el término jurisdiccional para presentar un recurso de revisión ante este Tribunal es de 30 días. Véase Regla 57 del Reglamento de este Tribunal. 4 LPRA Ap. XXII-B, R.57.

Además, la Recurrente incumplió con el requisito de someter un apéndice con copia de los documentos necesarios para colocarnos en posición de poder revisar la decisión cuestionada. Era necesario que la Recurrente acompañara todo escrito, resolución u orden que formara parte del expediente administrativo y que fuera pertinente a la controversia planteada en su recurso, incluidos los que nos permitieran determinar si tenemos jurisdicción para entender sobre su solicitud. Véase Regla 59 del Reglamento de este Tribunal. 4 LPRA Ap. XXII-B, R.59.

Tampoco el recurso contiene "una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso", ni una "discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicables". Véase Regla 59 del Reglamento de este Tribunal. 4 LPRA Ap. XXII-B, R.59.

Por las razones que anteceden, se desestima el recurso de referencia por craso incumplimiento con nuestro Reglamento. Véase, la Regla 83 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 83.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones